UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CORTEZ BROWN,

    Plaintiff,

v.                                    CAUSE NO. 3:22-CV-793-DRL-MGG

INDIANA STATE OF *et al.*,

    Defendants.

OPINION AND ORDER

Kevin Cortez Brown, a prisoner without a lawyer, filed a complaint against State of Indiana Corporation employees, Warden Ron Neal, Dawn Buss, M. Metcalf, Samual L. Cappas, Bernard A. Carter, Lorenzo Arredondo, Theodore Rokita, and "STATE OF INDIANA Corporation, KEVIN CORTEZ BROWN, a UNITED STATES TRUST and legal ESTATE, Real Estate in Laporte County Indiana record 2020R-15599, and Securities \*\*\*-\*\*\*\*-\*\*0209, \*\*\*\*\*188-1, \*\*\*-\*\*-4523, \*\*\*\*\*0496, and 45G041005MR000008." ECF 1.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Brown's complaint is seventy-five pages long, includes over 200 pages of exhibits, and is nonsensical throughout. He brings this lawsuit as: "Trustee Kevin-Cortez: Brown, on behalf of KEVIN CORTEZ BROWN Trust, and Secured Creditor Brown: Kevin-Cortez;, as intervenor, on behalf of himself." ECF 1 at 1. He seeks ownership, possession, and control over the referenced trust, which is allegedly worth $100,000,000.00. ECF 1 at 3, 7. The complaint contains many references to the Uniform Commercial Code. *See, e.g., id.* at 17, 35-38, 41. He claims to have acquired "private common law trust documents by contract in accordance with Article I section 10 clause 1 of the United States Constitution." *Id.* at 30. He asks the court to "execute the decree of vesting the legal ESTATE of KEVIN CORTEZ BROWN a UNITED STATES TRUST (supra) and legal ESTATE (supra) in the Claimant of this action." *Id.* at 61. He seeks a declaration that he has unrestricted control over the assets of the alleged trust. *Id.* He seeks one billion dollars in penalties for the alleged trespassing upon his rights or property. *Id.* at 64.

In short, Mr. Brown's complaint consists of concepts commonly espoused by sovereign citizens. Courts have repeatedly characterized sovereign citizen theories as legally frivolous and having no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Mr. Brown knows this, because it was explained to him in the court's order dismissing an earlier case: *Brown v. Mayes*, 2:19-CV-93-JTM-JPK (dismissed June 18, 2019). Because Mr. Brown's complaint is premised on such theories, it is frivolous and fails to state a claim, and he will not be permitted to proceed.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

September 23, 2022                             *s/ Damon R. Leichty*
                                               Judge, United States District Court